JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Senior's Choice., <br><br> Plaintiff, <br><br> vs. <br><br> Carolyn Mattingly., et al., <br><br> Defendants. | CASE NO. SACV 11-1622-JST (MLGx) <br><br> **ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

Before the Court is an Application for Default Judgment filed by Plaintiff The Senior's Choice ("Plaintiff"). (Appl., Doc. 25.) Plaintiff seeks the entry of default judgment against Defendant Advantage Home Care Consultant, LLC ("Defendant" or "Advantage").[1] (Appl. at 1.) Plaintiff seeks permanent injunctive relief, monetary damages, attorneys' fees, and costs. (Mem. of P. & A. at 2, Doc. 25, Ex. 1.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for August 3, 2012 at 2:30 p.m. is VACATED. Having read and considered the papers, the Court DENIES Plaintiff's Application for Default Judgment.

## I.  Factual and Procedural Background

Plaintiff is a corporation that provides goods and/or services related to senior citizen care and is the registered owner of following copyrights (collectively, "the Copyrighted Works"):

  i. TXu 975-095 (The Senior's Choice operating and marketing manual)
 ii. TX7-246558 (The Senior's Choice two step operating systems manual)
iii. TX7-246-561 (The Senior's Choice executive operating systems manual)
 iv. TZ6-320-566 (certified companion aid program)
  v. TX6-344-418 ("Is Remaining Independent In Your Own Home Important To You?")
 vi. TX6-344-416 ("Remain Independent In The Home You Love")

---

[1] On March 7, 2012, Defendant Carolyn Mattingly filed for Chapter 7 bankruptcy in federal court in the Northern District of Georgia. (Paganetti Decl. ¶ 10, Doc. 19.)

2

|   |   |   |
|---|---|---|
| 1 | vii. | TX6-620-604 ("The Caregiver's Own"), |
| 2 | viii. | TX6-344-419 ("Your Guide To Fall Prevention") |
| 3 | ix. | TX6-344-417 ("Your Guide To Fall Recovery") |
| 4 | x. | TX6-344-415 ("Your Guide To Asteoporsis [sic]") |

(Compl. ¶ 6, Doc. 1.)

On July 3, 2005, Plaintiff entered into a Membership Agreement with Defendant Carolyn Mattingly ("Mattingly"). (*Id.* ¶ 8, Ex. 1.) "Mattingly [is an] officer, director, shareholder and/or managing partner/member [of Advantage]." (*Id.* ¶ 10.) At some undetermined date, but "within four years from the filing of [Plaintiff's Complaint]," Mattingly and Advantage began "using confidential information including copyrighted written material of the Plaintiff" (*id.*), by incorporating the Copyrighted Works into Advantage's "employee forms, contracts, employee training manuals, quality improvement plan, training manuals, strategic planning information, marketing manuals, websites, templates, operating systems manuals, [and] financial planning and aid program information." (Everhart Decl. ¶ 4, Doc. 25, Ex. 3.) The gravamen of Plaintiff's Complaint appears to be that Advantage obtained the membership of a company named Home Wellness Care by using the Copyrighted Works, and that if Advantage had not used the Copyrighted Works, Home Wellness Care would have become a member of the Plaintiff instead. (*Id.* ¶ 5.)[2]

On October 19, 2011, Plaintiff filed its Complaint against Mattingly and Advantage. Plaintiff brought a claim for breach of contract against Mattingly and claims of "copy-write [sic] infringement, conversion, unjust enrichment, [and] constructive trust" against Advantage. (Mem. P &A at 1; Compl., Doc. 1.) Neither Defendant filed an Answer to Plaintiff's Complaint. Accordingly, on March 5, 2012, the Clerk entered the Default of both Mattingly and Advantage. (Doc. 18.) On April 20, 2012, Plaintiff filed its first Application for Default Judgment against Mattingly and Advantage. (Doc. 22.) The Court

---

[2] As discussed throughout this order, Plaintiff's Complaint lacks specificity.

3

denied Plaintiff's Application because Plaintiff did not include a memorandum setting forth the legal authority upon which a plaintiff bases its application, pursuant to Local Rule 7-5. (Order at 1, Doc. 24.) On July 6, 2012, Plaintiff filed a second Application for Default Judgment against Advantage. Plaintiff included a Memorandum of Points and Authorities addressing Plaintiff's claim for copyright infringement only. (Doc. 25, Ex. 1.)

## II.    Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, *4 (N.D. Cal. Feb. 12, 2010).

"Entry of a default judgment is not a matter of right. Its entry is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged." *Doe v. Qi*, 349 F. Supp. 2d 1258, 1271 (N.D. Cal. 2004) (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright, Arthur R. Miller, & May Kay Kane, *FEDERAL PRACTICE AND PROCEDURE* § 2688, at 63 (3d ed. 1998)). This is because the allegations of the amount of damages suffered are not necessarily taken as true. *See Geddes*, 559 F.2d at 560.

Accordingly, the Court may hold a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). Under Ninth Circuit law, "[i]t is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). However, a "hearing" under this rule need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party. C.D. Cal. R. 55-2.

**III.     Discussion**

      *a.     <u>Merits of Plaintiff's Substantive Claim and Sufficiency of Plaintiff's Complaint</u>*

To prevail on a claim for copyright infringement, the Plaintiff "must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Com.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Plaintiff has alleged "ownership of copy-write [sic] numbers or registered copy-write [sic] numbers of proprietary information." (Mem. of P. & A at 3.) Plaintiff also has

alleged Advantage infringed "Plaintiff's registered copyright by development, copying, making, using, altering for sale, . . . and/or incorporating information which has been copyrighted by Plaintiff." (Compl. ¶ 15.) These allegations are supported by a declaration from Plaintiff's President, Steve Everhart. (Everhart Decl., Doc. 25, Ex. 3.)

Plaintiff's allegations contain few specific facts and are essentially vague restatements of legal conclusions. The Court concludes that Plaintiff has provided only enough factual information to establish valid ownership of registered copyrights (Compl. ¶ 6), and fails to establish that Defendant "cop[ied] constituent elements of the work that are original." *Funky Films*, 462 F.3d at 1076. "Absent evidence of direct copying, 'proof of infringement involves fact-based showings that the . . . two works are 'substantially similar.'" *Id.* (citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000)). Plaintiff has not submitted evidence of direct copying. Beyond the deficient allegations in Plaintiff's Complaint, Plaintiff has submitted a single declaration stating "[Defendant's materials are] *similar* to the information on which [Plaintiff] has a current copywrite [sic]." (Everhart Decl. ¶ 4 (emphasis added).) Similarity between Advantage's materials and the Copyrighted Works is insufficient to satisfy the second prong of a valid claim for copyright infringement, and the Plaintiff has not provided any basis in the form of allegations or evidence for the Court to conclude that the works are "substantially similar." *Id.* (holding claim for copyright infringement failed because protectable elements were not substantially similar). Accordingly, this factor weighs against default judgment.

### b. Possibility of Dispute Concerning Material Facts

"[This] *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." *Craigslist Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote. *See, e.g.*, *Landstar Ranger*, 725 F. Supp. 2d at 921-22 ("Since [plaintiff] has supported its claims

with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.").

Similarity in a copyright infringement claim is a fact intensive inquiry. *See Funky Films*, 462 F.3d at 1076. While Advantage has seemingly abandoned its defense in this action, Plaintiff does not support its claims with ample evidence or specific allegations. *C.f., Craigslist*, 694 F. Supp. 2d at 1060-61("Plaintiff has set forth adequate allegations detailing Defendants' [actions of Fraud and Trademark Infringement]"). The only evidence Plaintiff provides actually suggests the likely existence of a material dispute, at least as to the similarity of the Copyrighted Works to the purportedly infringing materials. (*See* Everhart Decl. ¶ 4.) Therefore, this factor weighs against default judgment.

   c. <u>Remaining Eitel Factors</u>

The Court concludes that the remaining *Eitel* factors weigh in favor of granting Plaintiff's application for default judgment. Plaintiff will suffer prejudice if the Court does not grant its application because it has no other means of recourse. The amount of money at stake is proportionate to the seriousness of Defendant's alleged conduct. *See Craigslist*, 694 F. Supp. 2d at 1060 (holding that this factor weighed in favor of default judgment where plaintiff asserted copyright, trademark, breach of contract, and fraud claims and sought damages in the range of $1,177,827.07 to $4,900,327.07). Plaintiff has also provided evidence that Advantage was properly served (Docs. 12 – 15), and there is no evidence Advantage's default is the result of excusable neglect. *See Landstar Ranger,* 725 F. Supp. 2d at 922 (concluding that this factor favored default judgment and possibility of excusable neglect is remote where defendant had been properly served) (internal citation and quotation omitted). Finally, the Court's strong policy favoring a decision on the merits has been made impossible to pursue by Advantage's failure to appear and defend. *See Craigslist,* 694 F. Supp. 2d at 1061. However, because the Plaintiff's Complaint is devoid

of specific allegations, the Court cannot conclude that the Plaintiff is likely to succeed on the merits, and the potential for a dispute of material fact is significant, the Court concludes the *Eitel* factors weigh against the entry of default judgment. Accordingly, Plaintiff's Application for Default Judgment is DENIED.

**IV.     Remedies**

Plaintiff seeks to permanently enjoin Advantage from unauthorized use of the Copyrighted Works. Additionally, Plaintiff seeks to recover damages in the amount of $25,000.00, attorney's fees in the amount of $11,874.00, and court costs in the amount of $573.00. Even if this Court were to determine that default judgment should be entered, Plaintiff fails to prove that it is entitled to its requested remedies. *See Geddes*, 559 F.2d at 560.

    a.   *Permanent Injunction*

Pursuant to 17 U.S.C. § 502(a), the Court is authorized to grant injunctions "as it may deem reasonable to prevent or restrain infringement of a copyright." *See Craigslist,* 694 F. Supp. 2d at 1061-62 (citing 17 U.S.C. § 502(a)). In order for the Court to grant a permanent injunction, Plaintiff must demonstrate:  (1) actual [or potential] success on the merits; (2) a likelihood of irreparable injury if injunctive relief is not granted; (3) a balance of hardships favoring Plaintiff; and (4) that an injunction will advance the public interest. *Winter v. Natural Res. Def. Counsel,* 555 U.S. 7, 20 (2008). "Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law." *Craigslist*, 694 F. Supp. 2d at 1062.

In this case, Plaintiff fails to demonstrate actual or potential success on the merits of its copyright infringement claim, as described above. Similarly, Plaintiff's request for injunction against Advantage "using [Plaintiff's] copyrighted written material in

[Advantage's] own business" (Mem. P & A at 4) is vague and asserts no *specific* harm to be enjoined. Plaintiff's request is essentially a request to enjoin Advantage against "all possible breaches of law." *Id*. at 1062.

### b. *Damages*

Under the Copyright Revision Act of 1976, "an infringer of copyright is liable for . . . the copyright owner's actual damages and any additional profits of the infringer." 17 U.S.C. § 504(a)(1). "As a general rule, damages which result from a tort must be established with reasonable certainty . . . [d]amages are not rendered uncertain because they cannot be calculated with absolute exactness, yet, a reasonable basis for computation must exist." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) (internal quotation marks omitted).

Here, Plaintiff seeks damages "in the amount of loss [sic] membership fees in the amount of $25,000.00." (Mem. P & A at 2.) Plaintiff submits the declaration of its President, Steven Everhart, which states that "[Plaintiff] has lost membership fees in the amount of $25,000.00 from the loss of a potential member to provide home care service, namely Home Wellness Care, who became a member of [Advantage]." (Everhart Decl. ¶ 5.) Plaintiff does not specify whether $25,000.00 is an estimate of actual damages and/or additional profits of the infringer, nor does Plaintiff discuss how the membership fees would be offset by the service provider's additional costs. 17 U.S.C. § 504(a)(1).

Furthermore, Plaintiff appears to base its computation for damages in the amount of $25,000.00 on Plaintiff's loss of "membership fees" from a third party. (Mem. P & A at 3; Everhart Decl. ¶ 5.) However, Plaintiff fails to demonstrate how the loss of membership fees is a result of Advantage's alleged infringement or attributable to Advantage's alleged infringement. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) ("From the statutory language [of section 504(b)], it is apparent that a causal link between the infringement and the monetary remedy sought is a predicate to recovery of

both actual damages and profits."). Nor does Plaintiff demonstrate that $25,000.00 is a reasonable value of the Copyrighted Works in the market. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 512 (9th Cir. 1985) (setting the test of market value in the Ninth Circuit "as a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work."). In fact, Plaintiff does not provide any explanation of what services by the Plaintiff or access to Plaintiff's Copyrighted Works these membership fees entail, or why these fees prove to be a reasonable basis for the computation of actual damages for Advantage's alleged infringement of the Copyrighted Works. *Lindy Pen Co.*, 982 F.2d at 1408 (citing *Vuitton et Fils, S.A. v. Crown Handbags*, 492 F. Supp. 1071, 1077 (S.D.N.Y. 1979) ("The discretionary award of either damages or profits assumes an evidentiary basis on which to rest such an award. Without such a basis there can be no recovery.")). Plaintiff's declaration by Everhart is insufficient to provide any evidentiary basis to support Plaintiff's request for $25,000.00 in monetary damages.

      c. *Attorneys' Fees*

According to the Plaintiff, "[u]nder 17 U.S.C. section 505 the court has the discretion to award court costs and attorney's fees in a copy-write [sic] infringement action." (Mem. P & A at 3.) Under Local Rule 55-3, attorney's fees may be awarded when an applicable statute provides for such recovery. C.D. Cal. R. 55-3.

Plaintiff seeks attorney's fees in the amount of $11,784.00. (Mem. P & A at 4.) In support of Plaintiff's request, Plaintiff filed a declaration by counsel which states: "[Plaintiff's counsel is] currently charging [the Plaintiff] at the rate of $250.00 per hour . . . [Plaintiff] to date has incurred attorney's fees in the amount of $11,784.00." (Paganetti, Decl. ¶¶ 2-3.)

Again, Plaintiff fails to demonstrate any reasonable basis for its calculation. Plaintiff has not provided a statement of services, any documentation detailing specific tasks, or the number of hours Plaintiff's counsel worked on behalf of the plaintiff, that

would support counsel's estimate of $11,784.00. Plaintiff further fails to provide any evidence of market rates that would show counsel's rate of $250.00 per hour is reasonable for the services provided. *See, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (holding that attorney affidavits regarding prevailing rates are satisfactory evidence of prevailing market rates). Plaintiff's reliance on a single declaration from Plaintiff's attorney detailing only counsel's hourly rate and Plaintiff's final bill is insufficient to meet Plaintiff's burden of documenting and submitting as evidence the appropriate hours expended in the litigation. *See id*. at 948 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).

**V.     Conclusion**

     For the foregoing reasons, the Court DENIES Plaintiff's Application for Default Judgment. This action is stayed as to Defendant Mattingly, and the clerk shall administratively close the case.

DATED: July 31, 2012

_____
        JOSEPHINE STATON TUCKER
        UNITED STATES DISTRICT JUDGE